UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TONYELL TRINIECE TOLIVER                           CIVIL ACTION

VERSUS                                             NO: 22-3858

FREEDOM MORTGAGE CORP.                             SECTION: "A" (1)

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss Under 12(b)(6) (Rec. Doc. 10)** filed by defendant, Freedom Mortgage Corporation. The plaintiff, Ms. Tonyell Triniece Toliver, who is proceeding in proper person, has filed an opposition. The motion, submitted on January 4, 2023, is before the Court on the briefs without oral argument.

Freedom Mortgage Corporation ("Freedom") removed this civil action, which was initiated by Ms. Tonyell Triniece Toliver in state court as a Petition to Annul Judgment for Fraud. Toliver filed the petition following the conclusion of foreclosure proceedings in Jefferson Parish based on Toliver's default on a promissory note secured by a mortgage. Freedom had foreclosed on the property in accordance with Louisiana's executory process procedure. The Louisiana district court denied Toliver's post-foreclosure motion to set aside the foreclosure, and the Sheriff shortly thereafter transferred the property to a third-party purchaser.

Toliver did not move for an injunction or file a suspensive appeal from the foreclosure action in state court but instead filed the Petition to Annul Judgment for Fraud, which Freedom then removed to this Court. Freedom posits that Toliver's pro se

petition is difficult to comprehend but she appears to be seeking an annulment of the order issuing the writ of seizure and the Sheriff's sale of the property—in other words, relief that should have been requested in a state court appeal not in a collateral attack grounded on federal law.[1] Freedom moves to dismiss the action pursuant to Rule 12(b)(6) on several grounds, including res judicata.

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A

---

[1] Although the 43 page petition does contain references to federal law, the relief sought is based on state law and there are no non-frivolous federal claims at issue in this case. The Court agrees with Freedom's contention that diversity of citizenship is satisfied even though Toliver chooses to characterize her Louisiana citizenship as Ischenoca. (Rec. Doc. 10-2 at 16). Toliver resides in Louisiana but denies that she is a citizen of Louisiana because her property is located on ancestral Ischenoca land. (Rec. Doc. 13 at 22).

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id*. (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id*. (quoting *Iqbal*, 129 S. Ct. at 1950).

Louisiana Code of Civil Procedure article 2652 provides the two avenues for raising defenses and procedural objections to an executory proceeding—an injunction proceeding or a suspensive appeal. It is undisputed that neither occurred within the deadlines provided. And although failure to pursue the remedies provided in article 2652 does not preclude the debtor from maintaining a direct action to annul the foreclosure, that option is only available if the property has not been transferred to another purchaser. *See Reed v. Meaux*, 292 So. 2d 557, 560-61 (La. 1974); *First Guar. Bank v. Baton Rouge Petr. Ctr., Inc.*, 529 So. 2d 834, 840-41 (La. 1987). The property that was the subject of the foreclosure has been sold to another purchaser.

But even beyond the question of procedural barriers imposed by state law, the crux of Toliver's fraud complaint is that Freedom did not have standing to institute foreclosure proceedings and she attempts to bring this argument under the rubric of fraud for purposes of Louisiana Code of Civil Procedure article 2004. That article provides that a judgment obtained by fraud or ill practices may be annulled.

The state court record contains an assignment by the original lender to Freedom. (Rec. Doc. 10-8, Exhibit G). But Toliver claims that the assignment was not adequate proof of standing because she received notice in 2018 that Fannie Mae had taken the loan from Iberiabank, so there is a break in the chain of title that is not accounted for in

the foreclosure documents that were before the state court judge.

Even if the assignment of the creditor's rights was deficient for some reason, this is not indicative of fraud or ill practices. Toliver makes out her claim of fraud by pointing out that the attorneys for Freedom redacted the loan account numbers on the various foreclosure documents filed in state court. But this act is something that Freedom plausibly attributes to simply protecting sensitive account information from public view, and is not suggestive of a fraud.

The bottom line is that the standing argument that Toliver is making should have been made pursuant to the avenues available under Louisiana Code of Civil Procedure article 2652, which is not dependent on allegations of fraudulent conduct or ill practices. Toliver surely raised her standing challenge before the Louisiana district court in her post-foreclosure motion to set aside the foreclosure—if she did not, then she should have because the basis of the claim was already known to her—so Freedom is correct insofar as arguing that res judicata would bar revisiting that challenge now.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss Under 12(b)(6) (Rec. Doc. 10)** filed by defendant, Freedom Mortgage Corporation is **GRANTED** and all claims asserted against the movant are dismissed with prejudice.

January 23, 2023

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE